IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22–106–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ALEXANDRE ZDENEK DAVIS, | |
| Defendant. | |

Before the Court is Defendant Alexandre Zdenek Davis's Motion for Seized Property. (Doc. 90.) Through the Motion, Defendant seeks return of (1) an iPhone 13 Pro Max 256 GB Pink and (2) an Ariat Patriotic Leather Cowboy Wallet and its contents. (*Id.* at 2.) In the alternative, Defendant seeks reimbursement for his items. (*Id.*)

Defendant states that the aforementioned items were his jail house property while incarcerated at the Yellowstone County Jail, Hall County Jail, and Cascade County Jail, in connection with the above-captioned case. (*Id.* at 1–2.) Defendant asserts that he has made numerous requests to the United States District Attorney for the return of his property, and he is unsure whether his property is destroyed or still in the government's possession. (*Id.* at 1.)

1

In response, the Government maintains that it has fully complied with D. Mont. L.R. CR 41.1, which requires that "[b]efore the conclusion of a case, the parties must confer to identify non-contraband property in federal custody or control that may be returned to the defendant or his or her designee and to facilitate its return as soon as it is no longer needed as evidence." (Doc. 92 at 1–2.) According to the Government, at the conclusion of this case, there was only one article of property in the United States' custody: a Ruger, model Security, 9mm semiautomatic pistol. (Doc. 92 at 2.) The pistol was subject to a final order of forfeiture and Defendant's ownership was extinguished. (*Id.*)

The Government submits there was no additional property in the United States' custody or control. (*Id.*) The Government contacted the ATF and the Diplomatic Security Services—the two federal investigative agencies responsible for this case—and both denied possession of the iPhone, wallet, or any other property belonging to Defendant. (*Id.*) The Government also reviewed inventories of the two search warrants executed by federal agents in this case, neither of which listed an iPhone or wallet as seized property. (*Id*. at 2–3.) Finally, the Government contacted the Billings Police Department, which similarly stated that they were not in possession of Defendant's claimed property. (*Id*. at 3.)

Upon review of the above, the Court agrees that the Government has fully complied with its obligations under D. Mont. L.R. CR 41.1. Because it appears that

the requested property was never in the Government's possession or control, the Court cannot provide the remedy Defendant seeks.

Accordingly, IT IS ORDERED that the Motion (Doc. 90) is DENIED.

The Clerk of Court is directed to notify Defendant of the making of this Order.

DATED this 14th day of January, 2025.

Dana L. Christensen, District Judge
United States District Court