IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALEXANDRE ZDENEK DAVIS,<br><br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN FCI GREENVILLE,<br><br>　　　　Respondent. | Cause No. CR 22-106-BLG-DLC<br><br>ORDER |

　　　　Petitioner Alexandre Zdenek Davis ("Davis"), a federal prisoner proceeding pro se, filed a handwritten motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 97.)

　　　　On February 27, 2024, this Court sentenced Davis to the Bureau of Prisons for 51-months, followed by a 3-year period of supervised release. *See, Judg.* (Doc. 69.) Davis filed a notice of appeal, as well as various post-judgment motions. On June 3, 2024, an order was entered advising Davis that no further motions would be docketed in his criminal case until the appeal was resolved. (Doc. 89.) It does not appear that Davis's appeal has been resolved, nonetheless, he has filed the present motion.

　　　　At the time of filing of his motion, Davis was apparently incarcerated at FCI Greenville, as indicated by the caption of his motion. It appears, however, that in

1

the interim he has been transferred to FCI Pekin, in Pekin, Illinois.[1]

In his present filing, Davis alleges he is eligible for immediate release based upon: the exhaustion of his remedies, the application of the First Step Act and Second Chance Act to his sentence, a valid release plan, and the Bureau of Prison's failure to protect him. (Doc. 97.) He requests that he be released either to a residential release center or home confinement. (*Id*. at 6.) It is noteworthy that although Davis mailed his motion to this Court, the document is captioned for the United States District Court of Illinois. (*Id*. at 1.)

"Generally, motions to contest the legality of a sentence must be filed under §2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to §2241 in the custodial court." *Hernandez v. Campbell*, 204 F. 3d 861, 864 (9th Cir. 2000). Here, Davis is not challenging the legality of his sentence, thus, he should proceed not under §2255, but rather §2241. Jurisdiction over a § 2241 petition lies in the district of the prisoner's confinement. *Hernandez*, 204 F. 3d at 864. To the extent that Davis seeks habeas relief, this Court lacks jurisdiction over a § 2241 petition. Because Davis is incarcerated in Pekin, Illinois, should he wish to proceed in habeas, he should refile a § 2241 petition in the Central District of Illinois.

---

[1] *See*, Bureau of Prisons website: https://www.bop.gov/inmateloc (accessed October 14, 2025); *see also*, (Doc. 101.)

Moreover, the determination of whether an inmate is eligible for placement in a halfway house or home confinement is within the sole discretion of the Bureau of Prisons. *See, Reeb v. Thomas*, 636 F. 3d 1224, 1228 (9th Cir. 2011). Accordingly, this Court lacks jurisdiction to consider the Bureau of Prison's discretionary housing determinations. To the extent that Davis believes the BOP is improperly considering the existence of a non-extraditable warrant from Idaho in denying him housing placement, the claim is not properly before this Court. This matter will be dismissed.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

This Court lacks jurisdiction over Davis's filing. He should proceed, if at all, in the custodial court. Thus, reasonable jurists would find no reason to

3

encourage additional proceedings at this time.  A certificate of appealability will be denied.

Accordingly, the Court enters the following:

## ORDER

1. Davis's motion to vacate (Doc. 97) is DISMISSED without prejudice.

2. Clerk of Court is directed to close this matter and enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

4. The clerk shall ensure that all pending motions in this case and in CV 25-96-BLG-DLC are terminated and shall close the civil file by entering judgment.

DATED this 14th day of October, 2025.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge