IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 22-106-BLG-DLC |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| ALEXANDRE ZDENEK DAVIS, | |
| Defendant/Movant. | |

Before the Court is Alexandre Zdenek Davis' ("Davis") 28 U.S.C. § 2255 Motion to Vacate Judgment.  (Doc. 104.)  Davis, proceeding pro se, challenges the net 51-month sentence imposed after he pled guilty to False Statement During Firearms Transaction (Count 1), False Statement in Application for a Passport (Count 3), and Aggravated Identity Theft (Count 5).  *See e.g.*, Judg., (Doc. 69.)  Davis now challenges  purported errors contained within the Presentence Investigation Report ("PSR") and the 2-point obstruction enhancement he received

1

as a result.

I. **Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court is to review the § 2255 "motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack[.]" Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Id.* A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

II. **Background**

On September 15, 2022, an Indictment was handed down charging Davis with False Statement During Firearms Transaction, Felon in Possession of a

Firearm, and Aggravated Identity Theft.  (Doc. 1.)  A Superseding Indictment was subsequently filed charging Davis with False Statement During Firearms Transaction (Count 1), Felon in Possession of a Firearm (Count 2), False Statement in Application for a Passport (Count 3), and two counts of Aggravated Identity Theft (Counts 4 &5).  (Doc. 8.)

On May 4, 2023, while represented by counsel, Davis pled guilty to Counts 1, 3, and 5 of the Superseding Indictment. *See*, (Docs. 29 & 31.)  Davis entered his guilty pleas pursuant to the terms outlined in the parties' plea agreement.  *See generally*, (Doc. 29.)  Magistrate Judge Cavan presided over the change of plea hearing and recommended that the guilty pleas be accepted.  *See*, (Docs. 31 & 34.) Judge Cavan's recommendations were adopted by the Undersigned and Davis was adjudged guilty as charged in Counts 1, 3, and 5 of the Superseding Indictment. (Doc. 36.)

Following his change of plea hearing, Davis moved through counsel, Russell Hart, for a psychiatric examination.  The request was ultimately granted.  *See*, (Doc. 43.)  Counsel Hart was then replaced by Nancy Schwartz.  (Doc. 46.)   The psychiatric evaluation found that Davis was not suffering from a mental disorder or defect that would impair his ability to understand the nature and consequences of the court proceedings against him or to assist in his own defense. (Doc. 56.)  The matter was set for sentencing.

A PSR was prepared which calculated Davis' guideline imprisonment range of 21 to 27 months but noted that there was a mandatory term of two years imprisonment required by Count 5 that had to be imposed consecutively to any other counts. (Doc. 75 at 30, ¶113.)

In Davis' sentencing memorandum, he asked that any reference to the psychological examination be stricken, that the government be prohibited to making any reference or recommendation for sentencing based upon the results of the psychological evaluation, and that the Undersigned not rely upon the results of the examination when imposing sentence. *See generally*, (Doc. 59 at 7-8, 22.) He also requested that the 2-level obstruction enhancement not be applied. (*Id*. at 9-14.) Davis requested that a 3-month sentence, followed by the consecutive 24-month sentence, be imposed. (*Id*. at 20-22.)

At sentencing, the objection to consideration of the psychological evaluation was overruled. *See*, Trans. (Doc. 83 at 8-12.) It was also determined that the obstruction enhancement was appropriate, and that objection was also overruled. (*Id*. at 15-16.)

To fulfill the sentencing objectives of 18 U.S.C. § 3553(a), Davis was sentenced to the Bureau of Prisons, on Counts 1 and 3 to a high-end guidelines sentence of 27 months, with the two counts to run concurrently, and with a 24-month sentence on Count 5 to run consecutively to Counts 1 and 3, all to be

followed by three-year period of supervised release.  (Doc. 83 at 31.)

Although Davis waived his right to appeal his sentence in the plea agreement, *see* (doc. 29 at 7, ¶8), Davis did appeal.  (Doc. 73.)  Davis argued that this Court's use of his psychological evaluation at sentencing violated his Fifth Amendment right against self-incrimination.  Additionally, he challenged the obstruction of justice enhancement and two of the special conditions imposed upon his supervised release.  The Ninth Circuit noted that even if an exception to the enforceability of Davis's appellate waiver applied to his Fifth Amendment claim, it failed on the merits.  It was determined that this Court did not violate Davis' rights by considering the results of his voluntary examination in determining sentence. Additionally, the Circuit found that Davis' waiver of appeal barred consideration of his remaining claims.  *See generally, United States v. Davis*, No. 24-1099 (9th Cir. Oct. 20, 2025);(Doc. 103).

Davis timely filed his § 2255 motion on November 3, 2025.  *See*, 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).  He asks that his PSR be corrected to removed false information, that his family be held liable for obstructing justice based upon the information they provided to the PSR-writer, and that the 2-point enhancement be removed, and that he be resentenced. (Doc. 104 at 8.)

//

### III. Analysis

The Court has considered Davis' challenge to the validity of his sentence. For the reasons explained below, the § 2255 motion will be denied and a certificate of appealability will not issue.

### A. Legal Standard

"A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States […] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979)(*quoting Bowen v. Johnston*, 306 U.S. 19, 27 (1939)). In contrast, "[e]rrors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F. 2d 970, 973 (9th Cir. 1981).

### B. Waiver

Davis waived the right to collaterally attack "any aspect" of his sentence, if the sentence imposed was within or below the guideline range calculated by the

Court, regardless of whether he agreed with the range.  This waiver included a challenge to the sentence in a § 2255 proceeding.  (Doc. 29 at 7.)  A defendant may waive his statutory right to file a Section 2255 motion.  *United States v. Abarca*, 985 F. 2d 1012, 1014 (9th Cir.), *cert denied*, 508 U.S. 979 (1993).  A plea agreement, however, must expressly state that the right to bring a Section 2255 motion is waived in order for the waiver to be valid.  *United States v. Pruitt*, 32 F. 3d 431 (9th Cir. 1994).  The scope of the waiver is demonstrated by the express language of the plea agreement.  *Id*.

In the instant case, Davis' waiver specifically did not preclude him from pursuing an action alleging ineffective assistance of counsel.  (Doc. 29 at 7.)  Thus, in order for Davis to obtain the resentencing he seeks, he must assert an ineffective assistance of counsel claim. He has not done so in the instant case.

An express waiver may not bar an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself.  *United States v. Jeronimo*, 398 F. 3d 1149, 1156 n. 4 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F. 3d 947, 957 (9th Cir. 2007).  There is no suggestion by Davis, or indication in the record, which would reflect that he did not knowingly and voluntarily enter his guilty pleas pursuant to the plea agreement. Thus, the waiver contained in the plea agreement, limiting Davis's right to file a § 2255 motion, is

7

enforceable. *See e.g., United States v. Anglin*, 215 F. 3d 1064, 1066 (9th Cir. 2000)(finding valid plea agreement waivers preserve finality of the judgment).

Accordingly, the §2255 motion will be dismissed pursuant to Davis' waiver. He is precluded from challenging his sentence in this collateral proceeding.

### IV. Certificate of Appealability

A movant may appeal a district court's dismissal of a § 2255 motion only after obtaining a certificate of appealability from the district court or the circuit court. 28 U.S.C. § 2253( c)(1)(B). "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253( c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of the constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(*citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Under this standard, the Court concludes that Davis is not entitled to a certificate of appealability. No reasonable jurist would find debatable Davis' failure to demonstrate entitlement to relief on the claims presented in his § 2255 Motion.

Accordingly, IT IS ORDERED:

1. Davis' motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 104) is DISMISSED pursuant to the waiver contained in his

plea agreement.

2.  A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Davis files a Notice of Appeal.

3.  The clerk shall ensure that all pending motions in CV 25-134-BLG-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Davis.

DATED this 14th day of November, 2025.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge