IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 22-106-BLG-DLC |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| ALEXANDRE ZDENEK DAVIS, | |
| Defendant/Movant. | |

Before the Court is Petitioner Alexandre Zdenek Davis' ("Davis") second 28 U.S.C. § 2255 Motion to Vacate Judgment.  (Doc. 112.)  Davis, proceeding pro se, challenges the net 51-month sentence imposed after he pled guilty to False Statement During Firearms Transaction (Count 1), False Statement in Application for a Passport (Count 3), and Aggravated Identity Theft (Count 5).  *See*, Judg. (Doc. 69.)  Davis now claims both his defense attorneys and the Assistant United States Attorney provided him with ineffective assistance. *See generally*, (Doc. 112.)

## I.   Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that

1

the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  The Court is to review the § 2255 "motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack[.]" Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Id.*  A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases).  But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II.    Background

On September 15, 2022, an Indictment was handed down charging Davis with False Statement During Firearms Transaction, Felon in Possession of a Firearm, and Aggravated Identity Theft.  (Doc. 1.)  A Superseding Indictment was subsequently filed charging Davis with False Statement During Firearms Transaction (Count 1), Felon in Possession of a Firearm (Count 2), False Statement

2

in Application for a Passport (Count 3), and two counts of Aggravated Identity Theft (Counts 4 &5).  (Doc. 8.)

On May 4, 2023, while represented by counsel, Davis pled guilty to Counts 1, 3, and 5 of the Superseding Indictment. *See*, (Docs. 29 & 31.)  Davis entered his guilty pleas pursuant to the terms outlined in the parties' plea agreement.  *See generally*, (Doc. 29.)  Magistrate Judge Cavan presided over the change of plea hearing and recommended that the guilty pleas be accepted.  *See*, (Docs. 31 & 34.)  Judge Cavan's recommendations were adopted by the Undersigned and Davis was adjudged guilty as charged in Counts 1, 3, and 5 of the Superseding Indictment. (Doc. 36.)

Following his change of plea hearing, Davis moved through counsel, Russell Hart, for a psychiatric examination.  The request was ultimately granted.  *See*, (Doc. 43.)  Counsel Hart was subsequently replaced by Nancy Schwartz.  (Doc. 46.)  The psychiatric evaluation found that Davis was not suffering from a mental disorder or defect that would impair his ability to understand the nature and consequences of the court proceedings against him or to assist in his own defense. (Doc. 56.)  The matter was set for sentencing.

A PSR was prepared which calculated Davis' guideline imprisonment range of 21 to 27 months but noted that there was a mandatory term of two years imprisonment required by Count 5 that had to be imposed consecutively to any

other counts.  (Doc. 75 at 30, ¶113.)

In Davis' sentencing memorandum, he asked that any reference to the psychological examination be stricken, that the government be prohibited to making any reference or recommendation for sentencing based upon the results of the psychological evaluation, and that the Undersigned not rely upon the results of the examination when imposing sentence.  *See generally*, (Doc. 59 at 7-8, 22.)  He also requested that the 2-level obstruction enhancement not be applied.  (*Id*. at 9-14.)  Davis requested that a 3-month sentence, followed by the consecutive 24-month sentence, be imposed.  (*Id*. at 20-22.)

At sentencing, the objection to consideration of the psychological evaluation was overruled.  *See*, Trans. (Doc. 83 at 8-12.)  It was also determined that the obstruction enhancement was appropriate; that objection was also overruled.  (*Id*. at 15-16.)

To fulfill the sentencing objectives of 18 U.S.C. § 3553(a), Davis was sentenced to the Bureau of Prisons, on Counts 1 and 3 to a high-end guidelines sentence of 27 months, with the two counts to run concurrently, and with a 24-month sentence on Count 5 to run consecutively to Counts 1 and 3, all to be followed by three-year period of supervised release.  (Doc. 83 at 31.)

Although Davis waived his right to appeal his sentence in the plea agreement, *see* (doc. 29 at 7, ¶8), Davis did appeal.  (Doc. 73.)  Davis argued that

4

this Court's use of his psychological evaluation at sentencing violated his Fifth Amendment right against self-incrimination.  Additionally, he challenged the obstruction of justice enhancement and two of the special conditions imposed upon his supervised release.  The Ninth Circuit noted that even if an exception to the enforceability of Davis's appellate waiver applied to his Fifth Amendment claim, it failed on the merits.  It was determined that this Court did not violate Davis' rights by considering the results of his voluntary examination in determining sentence.  Additionally, the Circuit found that Davis' waiver of appeal barred consideration of his remaining claims.  *See generally, United States v. Davis*, No. 24-1099 (9th Cir. Oct. 20, 2025);(Doc. 103).

Davis timely filed his first § 2255 motion on November 3, 2025.  *See*, 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).  He asked that his PSR be corrected to remove false information, that his family be held liable for obstructing justice based upon the information they provided to the PSR-writer, that the 2-point enhancement be removed, and that he be re-sentenced. (Doc. 104 at 8.)

This Court considered Davis' claims but determined that they were precluded from review in a § 2255  proceeding by the express waiver language contained in the plea agreement.  (Doc. 109 at 6-8.)  The matter was dismissed and a certificate of appealability was denied.  (*Id*. at 8-9.)

### III.   Davis' Claims

Davis has now filed a second section § 2255 motion, alleging that his three defense attorneys, as well as the Assistant United States Attorney, all provided ineffective assistance of counsel ("IAC").  *See generally*, (Doc. 112.)  Davis rehashes prior claims, but this time under the guise of IAC claims.  He suggests counsel performed deficiently by not objecting to hearsay statements contained within the PSR.  (*Id*. at 4.)  Davis also asserts that defense counsel and the AUSA provided ineffective assistance for not fully investigating his history of being the victim of child sexual abuse which, in turn, resulted in Davis receiving a 2-point enhancement at sentencing for the obstruction of justice.  (*Id*. at 5-6.)  Davis also seems to suggest that a double jeopardy violation occurred in the underlying proceedings, although the exact nature of the claim is unclear.  (*Id*. at 5.)

Davis asks that this Court find that his counsel was ineffective.  He also requests that his family be held accountable for obstructing justice and that they be indicted for the sexual exploitation of Davis.  He asks that his 2-point sentencing enhancement be reversed, that he be re-sentenced, that he be provided financial compensation, and that this Court find that a double jeopardy violation occurred in this matter.  (*Id*. at 7.)

### Analysis

As a preliminary matter, to the extent that Davis seeks monetary relief in this

action, he is advised that monetary damages are not available in a habeas proceeding.  *See*, 28 U.S.C. §2254; *McCarthy v. Bronson*, 500 U.S. 136 (1991)(recognizing two primary categories of suits brought by prisoners- applications for habeas corpus relief and actions for monetary or injunctive relief under 42 U.S.C. §1983).

But there is now a jurisdictional problem present.  Davis' prior § 2255 motion was dismissed and a certificate of appealability was denied on November 14, 2025.  (Doc. 109.)  Davis did not file a notice of appeal.  Moreover, the Court of Appeals has not authorized Davis to file a second § 2255 motion in this Court. *See* 28 U.S.C. §§ 2255(h), 2244(c).  Accordingly, the pending motion must be dismissed for lack of jurisdiction, pursuant to *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

A certificate of appealability is denied because the case is clearly controlled by *Burton*. *Gonzalez v. Thaler*, 565 U.S. 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Davis' § 2255 motion (Doc. 112) is DISMISSED for lack of jurisdiction.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Davis files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case, aside

from Davis' pending motion for compassionate release, as well as any motions in

CV 25-157-M-DLC, are terminated and shall close the civil file by entering a

judgment of dismissal.

DATED this 9th  day of April, 2026.


/s/ Dana L. Christensen
Dana L. Christensen
United States District Court

8