IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22–106–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ALEXANDRE ZDENEK DAVIS, | |
| Defendant. | |

On November 7, 2025, Defendant Alexandre Zdenek Davis filed a motion to reduce his 51-month federal sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 106.) His projected release date is September 7, 2026. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed April 13, 2026). On November 26, 2025, counsel was appointed to represent Mr. Davis. (Doc. 111.) Appointed counsel filed an amended motion on January 9, 2026. (Doc. 113.) The Government opposes the motion. (Doc. 117.)

**BACKGROUND**

Mr. Davis is currently serving a 51-month sentence after pleading guilty to making a false statement during firearms transaction, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), making a false statement in application for a passport, in violation of 18 U.S.C. § 1542, and aggravated identity theft, in violation of 19

1

U.S.C. § 1028(a)(1). (Docs. 36, 68, 69.) Mr. Davis is currently incarcerated at FCI

Pekin.

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing

term of imprisonment so long as a defendant first seeks relief from the Bureau of

Prisons and the reduction: (1) takes into consideration the sentencing factors set

forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling

reasons," or the defendant is at least 70 years old and has served at least 30 years in

prison; and (3) is consistent with the applicable policy statements of the United

States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*,

2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's

relevant policy statement adds that the Court may not reduce a term of

imprisonment unless "the defendant is not a danger to the safety of any other

person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S.

Sent'g Comm'n 2023).[1]

Mr. Davis seeks compassionate release for the physical harms and abuse he

reports to have suffered while incarcerated. (Doc. 114 at 2.) For the reasons

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text. *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

discussed below, the Court denies the motion.

## I.      Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Mr. Davis filed a request for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which was rejected by Warden E. Lee on November 17, 2025. (Doc. 114-1.) Thus, it would appear that Mr. Davis has exhausted his administrative remedies.

## II.     Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2023).

The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided.  *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason."  *Id.* § 1B1.13(d).

Mr. Davis argues that while he has been housed at numerous Bureau of Prisons ("BOP") facilities, he has not received adequate medical care to treat stab wounds he incurred while in custody, specifically injuries to his left ring finger and pinky, nor has he received adequate dental care despite multiple attempts to access treatment. (Doc. 114 at 2.) Mr. Davis further argues that he has suffered physical and sexual abuse while incarcerated. (*Id.*) However, while Mr. Davis's allegations regarding sexual and physical assault are serious and potentially cognizable under U.S.S.G. § 1B1.13(b)(4), he fails to make the necessary showing or provide the necessary documentation to support such a claim. *See id.* ("the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger."). Finally, Mr. Davis's complaints regarding dental care do not meet the threshold of "extraordinary and compelling reasons" as contemplated by 18 U.S.C. § 3582(c)(1)(A).

The Court therefore finds that Mr. Davis has not demonstrated extraordinary

and compelling circumstances warranting an early release.

### III.    Section 3553(a) Factors

The Court must also address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care.  *See* 18 U.S.C. §§ 3553(a)(1), (2).

The underlying facts of this case are decidedly unusual and serious. Mr. Davis arrived in Montana after fleeing prosecution for sexual assault in Nebraska; he then somehow obtained his brother's birth certificate and social security number, which he used to assume his brother's identity and to obtain a passport and Montana driver's license in his brother's name. (Doc. 75 ¶¶ 11–21.) Mr. Davis purchased a firearm from Cabela's using the fraudulent driver's license. (*Id.* ¶ 12.) He also used the fraudulent passport to travel to Turkey and Mexico. (*Id.* ¶ 31.) Mr. Davis served in the US Army but was convicted of criminal acts at a General Court Martial; this conviction is considered a felony. (*Id.* ¶ 21.) During the Presentence Investigation Report ("PSR") interview, Mr. Davis claimed that he had stolen his brother's identity to protect his brother from their grandfather, whom he claimed

ran a child sex trafficking ring. (*Id.* ¶ 38, 76, 80.) Mr. Davis asserted that he and his siblings were all victims of this ring. The PSR writer was unable to verify these claims.

On February 27, 2024, Mr. Davis was sentenced to a custodial sentence of 51 months to be followed by 3 years of supervised release. (Doc. 68.) The minute entry from the sentencing proceeding notes that the Court reviewed the § 3553(a) factors at the time of sentencing; therefore, the Court need not address them in full again. (*Id.*) The Court also concluded that a 2-point enhancement for obstruction under USSG § 3C1.1 was appropriate because Mr. Davis had made materially false statements during his PSR interview.

In consideration of the above, the Court concludes that the § 3553(a) factors do not support Mr. Davis's early release. The offense conduct here is serious and involved the use of a fraudulent identity to commit several crimes, all of which occurred while Mr. Davis was evading arrest on a warrant related to sexual assault in Nebraska. Mr. Davis has shown himself to be a dangerous, duplicitous defendant who presents a clear danger to the community. Taken together, Mr. Davis's crimes showcase his skill for deception and lack of respect for the law. Granting his early release would not only present a danger to the community, but would undermine other § 3553(a) considerations such as deterrence, just punishment, and respect for the law.

Finally, Mr. Davis is scheduled to be released on September 7, 2026. As part of his sentence, it was recommended that he stay at a residential reentry center for a period of approximately 180 days. As such, it is likely that Mr. Davis will begin serving that portion of his sentence very soon. Releasing Mr. Davis now, without affording him the opportunity to reintegrate into the community in a stable, supportive environment, would be dangerous for the community and likely undermine Mr. Davis's chances of success on release.

Completion of the sentence imposed will best serve the aims of sentencing under § 3553(a), especially the need to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public.

## CONCLUSION

Mr. Davis has not demonstrated an extraordinary and compelling reason to warrant a reduction of his custodial sentence, and the § 3553(a) factors support denial of Mr. Davis's request.

Accordingly, IT IS ORDERED that the defendant's motion to reduce sentence (Docs. 106, 113) is DENIED.

DATED this 15th day of April, 2026.

Dana L. Christensen, District Judge
United States District Court

7